UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALEX LEONARD AZEVEDO, | No. 2:18-cv-2818 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ALBERT SMITH, et al., | |
| Defendants. | |

Plaintiff is a county prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.  Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff in this court has led to the identification of at least three cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Azevedo v. Thompson, E.D. Cal. No. 2:17-cv-1262 MCE EFB (case dismissed for failure to state a claim on April 9, 2018);

2. Azevedo v. Smith, E.D. Cal. No. 2:16-cv-2809 JAM EFB (complaint dismissed with leave to amend for failure to state a claim, and case dismissed on February 21, 2018, for failure to file an amended complaint);

////

---

[1] "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted); Fed. R. Evid. 201(b)(2)).

3. <u>Azevedo v. Colusa County Jail</u>, E.D. Cal. No. 2:17-cv-0472 JAM AC (case dismissed for failure to state a claim on February 21, 2018).

All of the preceding cases were dismissed in advance of the October 17, 2018 filing[2] of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); <u>see also</u>, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint, which was filed October 17, 2018, alleges that in 2016, plaintiff was subjected to excessive force, provided ineffective assistance of counsel, and denied access to the courts. ECF No. 1 at 3-7. These allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least "three strikes" under the Prison Litigation Reform Act and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are based on things that happened over two years ago, you cannot show imminent danger. It is therefore being recommended that you be required to pay the entire filing fee in full before you can go forward with your complaint.

---

[2] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Although plaintiff does not provide a certificate of service, the court will assume he submitted the complaint for mailing on the day it was signed. ECF No. 1 at 7.

IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE